WILLIAMS, Judge.
Defendant in reconvention, Boes Iron Works, Inc. (Boes), appeals judgment in favor of plaintiff in reconvention, Morvant Construction Co. (Morvant). Appellant asserts that the trial court erred 1) in awarding $1,840.00 on the reconventional demand in the absence of supporting evidence; and 2) in awarding attorney fees to Morvant. We amend the judgment of the trial court and affirm as amended.
Morvant contracted with Gibbs Construction Co. (not a party to this litigation) to furnish and erect a pre-fabricated metal building on a construction site in Harahan. Gibbs, in turn, entered into a subcontract with Boes, for Boes to furnish some of the labor and materials needed in the project.
From time to time during the course of the project, Morvant would enlist the services of Boes for additional work which was outside the scope of Morvant’s contract with Gibbs. The trial testimony indicates that Morvant contracted directly with Boes for this additional work, although no contract between Morvant and Boes appears in the record.
Exactly which services performed by Boes were pursuant to a direct contractual relationship with Morvant was contested, and testimony on this issue is conflicting. Nevertheless, it is clear from the record that, although most of the payments from Morvant to Boes were made through Gibbs Construction, Morvant did pay Boes directly for some services.
Some problems arose during the course of the construction that resulted in this litigation. Relevant to this appeal, the roof leaked after it was installed.
Testimony was conflicting as to the cause and party responsible for the problems with the roof. While Craig David Boes, welder and construction manager for Boes, acknowledged that the roof leaked, he testified that the leaks were not caused by substandard workmanship on Boes’ part, but by “other trades” improperly walking on the roof after it was installed. Mr. Boes stated that Boes agreed to fix the roof one time only since the leaks were not caused by Boes.
On the other hand, John Morvant, Jr., owner of Morvant Construction, testified that the roof leaked due to improper installation of the flashing. Gary Boihem, supervisor of construction for Morvant at the time of this project, also testified that the roof leaked because of poor installation.
' After completion of its work, Boes billed Morvant for materials and labor. When payment in full was not forthcoming, Boes filed this suit against Morvant for monies due pursuant to a subcontract between the parties. Morvant filed a reconventional demand alleging that the material (specifically, flashing) furnished by Boes was defec *1146 tive and installed in a defective manner. The reconventional demand prayed for damages in the amount of $1,840.00, representing amounts paid by Morvant to third parties to repair the flashing. The trial court rendered judgment on the principal demand in favor of Boes for $2,815.20 plus attorney fees and costs. This judgment has not been appealed. The court further rendered judgment on the reconventional demand in favor of Morvant for the entire $1,840.00 plus attorney fees and costs. Boes filed this appeal.

Assignment of Error No. 1

Boes contends that the trial court erred in awarding $1,840.00 because the record only supports an award of $750.00. We agree.
Both Mr. Morvant and Mr. Boihem testified that the roof leaked, at least in part, due to defective installation of the flashing by the parapet walls (i.e., where the roof meets the fire walls). They testified that Boes failed to respond to Morvant’s request for immediate repairs, causing Mor-vant to hire A-l Roofing & Sheet Metal to repair that section of the roof. The record contains a bill from A-l Roofing for $750.00, representing the amount due for the repair and replacement of sections of flashing on the roof.[1] There is no other evidence in the record establishing payment by Morvant of any additional amounts for repair of defective work on the part of Boes. Accordingly, we reduce the amount of the judgment on the recon-ventional demand to $750.00.

Assignment of Error No. 2

Boes contends that the trial court erred in awarding attorney fees on the reconven-tional demand absent any contractual or statutory authority. We agree.
Although Mr. Boes and Mr. Morvant both testified that Boes and Morvant contracted directly for some services and materials, no contract was introduced into evidence. Thus, there is no evidence establishing an agreement for attorney fees in the event Morvant sued to collect damages resulting from defective work. Furthermore, there is no statutory authority for the imposition of attorney fees in this case.
Morvant urges this Court to uphold the award for attorney fees on the basis of LSA-R.S. 9:2781. That statute reads, in pertinent part:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
Morvant’s reliance upon this statute is misplaced. Under the language of the statute, it is applicable to amounts due on “open accounts.” “Open accounts” is defined in the statute and does not include amounts for damages due to defective performance:
C. For the purposes of this Section ..., “open account” includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. “Open account” shall include debts incurred for professional services, including, but not limited to, legal and medical services.
LSA-R.S. 9:2781(C) [Emphasis added].
Accordingly, the trial court erred in awarding attorney fees to Morvant for damages resulting from defective performance under a contract. Therefore, we amend the judgment to delete the award for attorney fees.
For the foregoing reasons, the judgment of the trial court on the reconventional demand is reduced from $1,840.00 to $750.00 and amended to delete the award for attorney fees. We affirm as amended.
AFFIRMED AS AMENDED.

. The bill in evidence contains the handwritten notation that it was proffered. However, the trial transcript shows that this exhibit was filed into evidence without objection from Boes.